**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| ANITA JAIRAM, | ) | |
| individually and on behalf of all | ) | |
| others similarly situated, | ) | CLASS ACTION |
| | ) | |
| *Plaintiff,* | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | |
| | ) | |
| SMILEDIRECTCLUB, LLC, | ) | |
| | ) | |
| *Defendant.* | ) | |

---

## CLASS ACTION COMPLAINT

---

Plaintiff Anita Jairam brings this class action against SmileDirectClub, LLC, and alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1.     This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), arising from Defendant's violations of the TCPA.

2.     Defendant provides dental aligners and is the largest provider of doctor directed at-home aligners.[1]

3.     To solicit new clients, Defendant engages in unsolicited mass telemarketing with no regard for privacy rights of the recipients of those messages.

4.     Defendant caused thousands of unsolicited automated marketing text messages to be

---

[1] *See* SmileDirectClub, About Us, *available at* https://smiledirectclub.com/about/ (last visited October 14, 2020).

sent to the cellular telephones of Plaintiff and Class Members, causing them injuries.

5.    Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct. Plaintiff also seeks statutory damages on behalf of herself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## JURISDICTION AND VENUE

6.    Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state than Defendant.  Plaintiff seeks up to $1,500.00 in damages for each text message in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA").

7.    Venue is proper in the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant are deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction.

## PARTIES

8.    Plaintiff is a natural person and is a resident of Broward County, Florida.

9.    Defendant is a Tennessee limited liability company, with a principal address of 414 UNION ST FL 8, Nashville, TN 37219.

10.    Defendant directs, markets, and provides substantial business activities throughout the State of Tennessee.

2

## THE TCPA

11.     The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A).

12.     The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

13.     The Sixth Circuit has interpreted ATDS to mean that "devices that dial from a stored list of numbers are subject to the [TCPA's] autodialer ban." *Allan v. Pa. Higher Educ. Assistance Agency*, 968 F.3d 567, 569 (6th Cir. 2020).

14.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

15.     In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express written consent" for such calls to wireless numbers. See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

16.     The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12).

3

17.     Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has determined that a text message falls within the meaning of 'to make any call' in 47 U.S.C. § 227(b)(1)(A)").

## **FACTS**

18.     On or about October 5, 2020 and October 12, 2020, Defendant sent the following marketing text messages to Plaintiff's cellular telephone number, ending in 0751 (the "0751 Number"):



19.     Plaintiff is the sole user and/or subscriber of the cellular telephone number that received the above text message.

20.     At no point in time did Plaintiff provide Defendant with her express written consent to

4

be sent marketing text messages using an ATDS.

21.     The impersonal and generic nature of Defendant's text message demonstrates that Defendant utilized an ATDS in transmitting the message.

22.     The number used by Defendant (259-43) is known as a "short code," a standard 5-digit code that enables Defendant to send SMS text messages *en masse*.

23.     Short-codes cannot be used to transmit text messages from a traditional telephone. Only computer systems can transmit text messages using a short-code.

24.     Further, the impersonal and generic nature of Defendant's text messages, coupled with the fact that they were originated from a short-code, demonstrates that Defendant utilized an automatic telephone dialing system, *i.e.*, an ATDS, in transmitting the messages.

25.     Upon information and belief, to send the text message, Defendant used a messaging platform (the "Platform") that permitted Defendant to transmit thousands of automated text messages without any human involvement.

26.     Defendant's unsolicited text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that she wasted approximately 20 seconds reviewing Defendant's unwanted messages. Each time, Plaintiff had to stop what she was doing to look down at her phone to review the message.

27.     Defendant's text messages took up memory on Plaintiff's cellular telephone, with each message taking up approximately 190 bytes. The cumulative effect of unsolicited text messages, such as those complained of by Plaintiff herein, poses a real risk of ultimately rendering the phone unusable for text messaging purposes as a result of the phone's memory being taken up.

28.     Defendant's text messages also caused the depletion of Plaintiff's cellular telephone battery. The battery used to power Plaintiff's cellular telephone can only be recharged a limited number

5

of times before the battery's voltage begins to decrease, causing the cellular phone to turn off completely, without warning, if the battery drops below the minimum voltage needed to safely power Plaintiff's cellular telephone.

## CLASS ALLEGATIONS

### PROPOSED CLASS

29.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

30.     Plaintiff brings this case on behalf of the below defined Class:

> **All persons who from four years prior to the filing of this action until the date of a certification order (1) were sent a text message to their cellular phone number by Defendant or on Defendant's behalf, (2) using the same equipment used to send the text messages to Plaintiff, (3) for the purpose of advertising and/or promoting Defendant's property, goods, and/or services.**

31.     Defendant and their employees or agents are excluded from the Class.

32.     Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

33.     Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express written consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

34.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

6

## COMMON QUESTIONS OF LAW AND FACT

35. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

 (1) Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS;

 (2) Whether Defendant can meet their burden of showing that they obtained prior express written consent to make such calls;

 (3) Whether Defendant conduct was knowing and willful;

 (4) Whether Defendant are liable for damages, and the amount of such damages; and

 (5) Whether Defendant should be enjoined from such conduct in the future.

36. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

37. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

38. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

39.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

40.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## VIOLATIONS OF 47 U.S.C. § 227(b)
*On Behalf of Plaintiff and the Class*

41.     Plaintiff re-alleges and incorporates paragraphs 1-40 as if fully set forth herein.

42.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

8

43.     The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id*. at § 227(a)(1).

44.     Defendant – or third parties directed by Defendant – used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such numbers and/or to dial numbers from a list automatically, without human intervention, to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class.

45.     These calls were made without regard to whether Defendant had prior express consent from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

46.     Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

47.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

48.     **WHEREFORE**, Plaintiff Anita Jairam, on behalf of herself and the other members of the Class, prays for the following relief:

(1) A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

9

(2) A declaration that Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

(3) An injunction prohibiting Defendant from using an automatic telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express consent of the called party;

(4) An award of statutory damages and/or trebled statutory damages; and

(5) Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein.

Respectfully submitted,

*/s/ Brian T. Boyd*
Brian T. Boyd (BPR#023521)
Bennett J. Wills (BPR#034831)
**LAW OFFICE OF BOYD & WILLS**
214 Overlook Circle, Suite 275
Brentwood, TN 37027
brian@boydwills.com; bennett@boydwills.com
(615) 861-1936
*Local Counsel for Plaintiff*

Ignacio J. Hiraldo, Esq.*
Florida Bar No. 0056031
IHJ Law
1200 Brickell Ave Suite 1950
Miami, FL 33131
Email: ijhiraldo@ijhlaw.com
Telephone: 786.496.4469
*(Pro Hac Vice to be filed)*


Manuel S. Hiraldo, Esq.*
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*(Pro Hac Vice to be filed)*

**Counsel for Plaintiff and the Putative Class**
***Pro Hac Vice Forthcoming***